## Commonwealth ex rel. Woods v. Cameron County Bank, Appellant.

Argued November 23, 1931.   Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*Paul A. Kunkel,* for appellant.

*Harold D. Saylor,* Deputy Attorney General, with him *William A. Schnader,* Attorney General, for appellee.

OPINION BY MR. CHIEF JUSTICE FRAZER, January 5, 1932:

The Cameron County Bank, incorporated in 1915 under the General Banking Act of May 13, 1876, P. L.

161, ceased to transact business as a bank on June 28, 1927, having on that day assigned and transferred its entire assets to the First National Bank of Emporium.

Section 17 of the Banking Act of 1923, P. L. 809, as amended by the Act of May 5, 1927, P. L. 762, provides that when a corporation, such as defendant, "has failed to exercise its corporate privileges for two years, such corporation shall be returned by the secretary to the attorney general who shall proceed by quo warranto against such corporation, to the end that it may be ousted from its charter rights, and its corporation privileges be declared null and void." Courts of common pleas are empowered to issue writs of quo warranto in cases of nonuser, by section 2, of the Act of June 14, 1836, P. L. 622. Accordingly, the secretary of banking made return to the attorney general, and the Commonwealth, on June 10, 1930, filed its suggestion for a writ of quo warranto against defendant bank, and therein averred nonuser of its charter privileges for more than two years. The writ was made returnable June 30, 1930, the president of the bank being duly served in the meantime. No answer to the suggestion and no appearance for defendant were filed; however, Josiah Howard, a stockholder and trustee in defendant bank communicated with the attorney general and protested continuance of the ouster proceedings, because in his opinion the proceeding might result prejudicially to the rights of the bank's stockholders. Following this protest, there were ten or more extensions and postponements of the case, a majority of these out of deference to Howard.

The Commonwealth, on April 7, 1931, proceeded to hearing and presented testimony. No testimony was offered for defendant. Again Howard appeared and moved for postponement; the reason stated was that the corporation should be permitted to continue as such and have "its day in court" when, on April 20, 1931, a

proceeding involving part of its assigned assets was to be heard in the Cameron County Courts.

On June 16, 1931, the court proceeded to final hearing, at which time Howard again endeavored to have the matter delayed to permit him to answer the suggestion, the court refused to entertain the answer and entered its final decree ousting defendant from all its charter powers, rights, privileges and franchises. This appeal by Howard followed.

We are of opinion the decree of ouster should be affirmed. At the time the court allowed the last postponement, Howard, under date of March 31, 1931, by letter addressed to the attorney general, stated, "as a stockholder of Cameron County Bank," he acknowledged that a further postponement of one month in the quo warranto proceedings had been granted to him, and in return expressly agreed "that I will not ask for a further postponement......directly or indirectly, and will interpose no objection to the concluding of said proceedings henceforth." This letter was read into the record. Clearly the last postponement was allowed as a matter of grace, not of right. The court granted it only after it appeared the extension could not prejudice the Commonwealth. That Howard's agreement, above quoted, precluded him from prolonging the matter further cannot be successfully denied. Whether or not he had a right to do so, he had expressly given up the right to file an answer at bar on June 16, 1931. His continued efforts at postponement, his dilatory action in presenting his answer and his attempt to breach his express agreement with the attorney general, considerably shade any possible merit his case might have had. Appellant points to section 31 of the Act of May 13, 1876, P. L. 161, which reserves to the legislature the right to revoke or annul charters of corporations, whenever such action shall "be necessary for the public welfare," and contends that no public necessity was shown to warrant the present ouster. This statutory provision has no

bearing on the present case. The attorney general's power and duty to proceed as he has done are entirely prescribed by the Quo Warranto Act of 1836 and the Banking Act of 1923, as amended. We are not impressed with appellant's contention.

We pass the other points raised on this appeal as unworthy of discussion, save that we express serious doubt in the premises as to the standing of Howard, both here and in the court below, as a proper party to object, it appearing that he, the only appellant, is not a record party.

The judgment is affirmed at appellant's costs.